# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

VICKIE L. DURAN,

    Plaintiff,

v.

STATE OF NEVADA, ET AL.,

    Defendants.

Case No. 2:17-cv-02903-APG-CWH

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING ALL OTHER MOTIONS AS MOOT**

(ECF Nos. 6, 10, 18)

    Pro se plaintiff Vickie L. Duran sues the State of Nevada and the Clark County District Attorney's Office (CCDA) for alleged violations of her procedural due process rights. ECF No. 1. The CCDA moves to dismiss Duran's complaint as time-barred. ECF No. 6. Nevada moves to dismiss because Duran did not properly invoke the state's waiver of sovereign immunity and failed to allege that the state personally participated in the deprivation of her rights. ECF No. 10. Because Duran's claims are time-barred, I dismiss this action against both defendants.

## I.    BACKGROUND[1]

    Duran's complaint alleges that in March 21, 2014, she filed a "motion to vacate judgment of conviction" in a criminal case that the CCDA prosecuted against her in the Eighth Judicial District Court of Nevada. The state court held a hearing in April 2014 and orally denied the motion. On May 13, 2014, the case's docket was updated to reflect that Duran's motion was denied.[2] According to Duran, no written order was entered to accompany the docket entry.

    Approximately one year later, Duran filed a "motion to dismiss all 3 felony charges" in the same case. Again, the court held a hearing and orally denied the motion. On June 30, 2015, a docket entry was entered reflecting the denial, with no accompanying written order.

---

[1] These facts are generally taken from Duran's complaint. ECF No. 1. They are not intended as findings of fact.

[2] I take judicial notice of the state court's docket in Duran's underlying criminal case. *See* Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

Duran contends that, under the Eighth Judicial District Court's local rules, the party who prevails on a motion must submit to the court a "written order with required findings of fact and conclusions of law." ECF No. 1 at 4 (citing "EDCR 1.90(a)(4) and Part VII. Rule 7.21"). Because the CCDA was the "prevailing party" with respect to Duran's motions, Duran alleges that the CCDA was required to file a written order explaining the bases for the state court's denial of her motions. Duran alleges that the CCDA's failure to do so resulted in a denial of her procedural due process rights.

## II. DISCUSSION

### A. Duran's Complaint is barred by the statute of limitations.

Duran brings her claims under 42 U.S.C. § 1983. Because § 1983 contains no specific statute of limitations, federal courts borrow state limitations periods for personal injury actions in § 1983 suits. *See, e.g., Wallace v. Kato*, 549 U.S. 384 (2007). In Nevada, a personal injury action must be brought within two years. Nev. Rev. Stat. § 11.190(4)(e). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000).

The CCDA argues that Duran's claims accrued on May 13, 2014 and June 30, 2015, respectively, because the court's denials were docketed on those dates. According to the CCDA, the limitation period on Duran's first claim ran on May 13, 2015, and it ran on her second claim on June 30, 2016, so the entirety of her complaint, filed on November 20, 2017, is barred by the statute of limitations.

Duran responds that her claims are saved by the "delayed discovery rule." ECF No. 9 at 2. She contends that she did not learn of her injuries because she never received "proper notice" of the denials in the form of written orders. Duran argues that "merely just showing [the denials] on a computer screen" (i.e., on the state court's electronic docket) was insufficient to satisfy the court's own procedural rules and does not constitute formal written orders that dispose of her motions. *Id.* at 3. Duran claims that because she did not, and still has not, received "proper notice

of adverse governmental action that explains adequately the basis for the denial" of her motions, "it is impossible for her to have knowledge of the injury." *Id.* at 4.

Duran's argument fails. Duran does not contend that she did not receive notice of the docket entries reflecting the denial of her motions. She merely contends that, because she never received a written order drafted by the CCDA detailing the findings of fact and conclusions of law supporting the denial, she could not have known about the bases for her injury because she is still waiting for a "final" denial in compliance with the court's procedural rules. But Duran knew that she did not receive a "written order" the moment the docket reflected that her motions had been denied but no written order was attached, or when she did not receive a written order within a reasonable time after the denial was docketed. So her alleged procedural due process inquiries were "discovered" when the docket informed her of those denials but there were no written orders accompanying those entries. Because no additional facts would cure her untimely claims, amendment would be futile and I dismiss Duran's claims with prejudice as untimely.

**B.     The State of Nevada's motion to dismiss is denied as moot.**

The State of Nevada moves to dismiss the complaint against it because Duran failed to properly invoke the state's waiver of sovereign immunity under the technical provisions of Nevada Revised Statutes § 41.031. In response, Duran filed an amended complaint, without seeking leave of court, correcting the technical deficiencies Nevada identified. ECF No. 12. Aside from the technical fix, Duran's amended complaint is identical to her first one.

Assuming for the sake of argument that Duran's amended complaint was properly filed, it does not change my statute of limitations analysis because her new complaint contains the same untimely claims. And regardless of whether Duran's technical edits save her claims from the State of Nevada's sovereign immunity defense, the fact that her complaint is time-barred disposes of her claims against both defendants. So I deny the State of Nevada's motion to dismiss as moot. To the extent Duran's amended complaint could be construed as a motion seeking leave to amend, I deny that too because any amendment would be futile.

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that defendant Clark County District Attorney's Office's motion to dismiss **(ECF No. 6) is GRANTED.** All of plaintiff Duran's claims asserted in this case are time-barred against both defendants.  Therefore, defendant State of Nevada's motions to dismiss **(ECF No. 10) and to stay discovery (ECF No. 18) are DENIED as moot.** The clerk of court is directed to close this case.

DATED this 7th day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE